IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, RICHARD J. SHEPPARD, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Civil Action No. 1:17-00355-KD-N |
| PATHWAY OF BALDWIN COUNTY, LLC and PATHWAY, INC., | ) ) ) ) |
| Defendants. | ) |

**ORDER**

    This matter is before the Court on the Motion for Summary Judgment filed by Defendants Pathway of Baldwin County, LLC and Pathway, Inc. ("Defendants"), (Doc. 96), and brief in support thereof, (Doc. 97), Plaintiff Richard J. Sheppard's ("Plaintiff") Response in Opposition, (Doc. 101), and Defendants' Reply, (Doc. 103). In their Reply, Defendants argue, *inter alia*, that Plaintiff did not cite to particular parts of materials in the record in his Response as required by Fed. R. Civ. P. 56(c) and S.D. Ala. Civ. L.R. 56. (Doc. 103 at 1-2). Plaintiff also includes an affidavit in support of his Response that states, "I have carefully read the Response to Defendant's Motion for Partial Summary Judgment. I attest that all statements of fact contained therein on my behalf are true and accurate to the best of my knowledge and belief." (Doc. 101-2 at 2). As Defendants point out, "[c]onclusory allegations in affidavits and declarations are . . . insufficient to support a motion for or opposition to summary judgment." (Doc. 103 at 3); see Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to . . . oppose a motion must be made on personal knowledge, *set out facts that would be admissible in evidence . . . .*") (emphasis added); Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000) ("This court has

1

consistently held that conclusory allegations without specific supporting facts have no probative value."); Gossett v. Du-Ra-Kel Corp., 569 F.2d 869, 872 (5th Cir. 1978)[1] ("[O]ne who resists summary judgment must meet the movant's affidavits with opposing affidavits setting forth specific facts to show why there is an issue for trial, or at the very least stating reasons why he cannot do so."). In addition, Defendants contend that Plaintiff's affidavit is a sham because "it purports to relate to statements in the brief that contradict and repudiate Sheppard's prior deposition testimony." (Doc. 103 at 4).

When a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the Court may give that party an opportunity to properly support or address the fact. Fed. R. Civ. P. 56(e)(1). Accordingly, Plaintiff shall file a surresponse addressing and correcting these alleged inadequacies in his Response on or before **April 22, 2024**.

**DONE** and **ORDERED** this **12th** day of **April 2024**.

> **s / Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**

---

[1] Decisions by the former Fifth Circuit issued before October 1, 1981, are binding as precedent in the Eleventh Circuit. See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).