**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *ex rel* RICHARD J. SHEPPARD, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NO. 17-00355-KD-N** |
| | ) | |
| PATHWAY OF BALDWIN COUNTY, | ) | |
| LLC and PATHWAY, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This action is before the Court on the motion for attorney's fees and non-taxable expenses filed by the Relator Richard J. Sheppard and documents in support (docs. 157, 165, 166, 170, 171), the response in opposition and documents in support filed by Defendants Pathway of Baldwin County LLC and Pathway, Inc. (docs. 163, 173, 174) and Sheppard's reply and documents in support (docs. 164, 176,[1] 178, 179).[2]  Upon consideration, and for the reasons set forth herein the motion for attorney's fees is granted in part and the motion for non-taxable expenses is granted.

    I. Background

---

[1] Sheppard's objections to Defendants' evidentiary submissions (doc. 176) are moot. The Court did not rely upon the evidence to which Sheppard objects in reaching its decision.

[2] Defendants' motion to exclude the declaration of James A. Johnson (doc. 175) is denied. The safeguards of establishing reliability, relevance, and helpfulness to the trier of fact provided for in Daubert are less of a concern when the decision will be made by the Court instead of a jury. See United States v. Brown, 415 F.3d 1257, 1268 (11th Cir. 2005) ("There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself.").

Sheppard filed his False Claims Act (FCA) Complaint against Defendants on August 4, 2017 (doc. 1). For the next five years, the action remained under seal. In September 2022, the United States intervened for the purpose of settlement (docs. 30, 33). The action was settled as to Counts I, II, III, and IV (doc. 34). Sheppard's claim for retaliation against Defendants remained pending (doc. 38, amended complaint).

Sheppard moved pursuant to 31 U.S.C.A. § 3730(d) for an award of reasonable attorneys' fees and costs incurred from March 28, 2017, his first contact with counsel, through the approval of the settlement on November 29, 2022 (docs. 35, 36, 37). Sheppard supplemented his motion (docs. 53-56, 59-60). The motion and supplementations were held in abeyance (docs. 44, 79).

Ultimately, Sheppard prevailed at trial on his claim for retaliation (doc. 153, verdict) and judgment was entered on July 17, 2024 (doc. 155). Sheppard filed his Bill of Costs and costs have been taxed against the Defendants in the amount of $4,494.02 (docs. 158, 158).

Within two weeks of the judgment, Sheppard filed a motion for attorney's fees and non-taxable expenses (doc. 157). At that time, he requested "approximately $800,000.00"[3] for attorney's fees, expenses, and cost incurred to date. Sheppard stated he would supplement his motion with documentation within a month.

Sheppard did not meet his own deadline. Defendants then filed a response and argued that because Sheppard's motion was not supported by any evidence, it should be dismissed (doc. 163). Alternatively, Defendants stated that if Sheppard was allowed to file "delayed evidentiary support" then they request the opportunity to respond (doc. 163, p. 2). Sheppard replied and stated that he would file evidentiary materials as soon as possible and planned to obtain expert testimony from other attorneys in Mobile, Alabama (doc. 164).

---

[3] Sheppard later explained that his attorney fees at that time were $944,809.00 (doc. 178).

Approximately seven weeks later, Sheppard filed a brief, affidavit, and exhibits in support of his motion (docs. 165, 166, 166-1 through 166-15). At that time, he sought attorney and paralegal fees in the total amount of $1,048,822.50 (doc. 166-1, Invoice). He also served interrogatories and requests for production on Defendant's counsel (doc. 172) and filed two declarations by local attorneys in support of his motion (docs. 170, 171). Sheppard also stated that the recently submitted motion, brief, and evidentiary materials replaced the previously filed motion and supplementations (docs. 35, 36, 37, 53-56, 59-60) (doc. 165, p. 30).

Defendants had their opportunity[4] to respond. They filed their opposition (see docs. 173, 174) as well as a motion to strike part of Sheppard's evidentiary submissions (see Footnote 1).

Sheppard filed his reply (doc. 178). And then submitted another declaration and invoice from his counsel in the amount of $1,110,730.00 as the total amount of attorney and paralegal fees expended in this action (docs. 179, 179-1).

II. Motion for attorney fees and non-taxable expenses

A. Entitlement

The FCA provides that a relator's attorney fees and costs "shall be awarded against the defendant." 31 U.S.C. § 3730(d)(1). "The fee applicant must 'establish[ ] entitlement' to fees and document 'the appropriate hours and hourly rates.'" United States ex rel. McCutcheon v. QBR, LLC, 2024 WL 4403709, at *3 (N.D. Ala. Oct. 3, 2024) (quoting Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

Sheppard argues that he is entitled to attorney's fees and non-taxable expenses for the *qui tam* portion of this litigation because the "FCA deems a Relator entitled to attorney's fees and

---

[4] Defendants' motion for extension of time to respond to Sheppard's motion was granted (docs. 167, 168).

expenses from a defendant in the following circumstances: (a) if a Relator files a *qui tam* action, (b) if the U.S. Government intervenes, and (c) if a Relator substantially contributes to the prosecution of the action." (doc. 165, p. 13) (citing 31 U.S.C. § 3730(d)(1) and <u>Hunt v. Cochise Consultancy, Inc.</u>, 887 F.3d 1081, 1087 (11th Cir. 2018)).

The United States intervened in this action, settled the *qui tam* claims against Defendants, and agreed to pay Sheppard 18% of the settlement proceeds for his contribution to the prosecution of the action. Accordingly, Sheppard is entitled to recover his reasonable attorneys' fees pursuant to 31 U.S.C. § 3730(d)(1). <u>See Singbush v. Fla. Neurological Ctr., LLC</u>, 2022 WL 21830631, at *5 (M.D. Fla. Dec. 15, 2022) (finding that the Magistrate Judge correctly found that the relators were entitled to recover their reasonable attorneys' fees pursuant to § 3730(d)(1)) (citing <u>United States ex rel. Bryant v. Cmty. Health Sys., Inc</u>, 24 F.4th 1024, 1033–34 (6th Cir. 2022)).

However, Sheppard is not entitled to recover attorney fees for negotiating his percent of the settlement from the 15% initially offered by the United States to the 18% to which the parties agreed. relator's share.[5] <u>United States ex rel. Zediker v. OrthoGeorgia</u>, 407 F. Supp. 3d 1330, 1348–49 (M.D. Ga. 2019), <u>aff'd sub nom</u>. <u>Zediker v. OrthoGeorgia</u>, 857 Fed. Appx. 600 (11th Cir. 2021) (finding that "Zediker's counsel may not recover for work involving a dispute solely between the relator and the Government.") (citing <u>United States ex rel. Taxpayers Against Fraud and Walsh v. Gen. Elec. Co</u>., 41 F.3d 1032, 1045-46 (6th Cir. 1994) (for the finding that fees incurred in a dispute with the United States about the relator's share are not included within the

---

[5] Defendants calculated that approximately 82.2 hours were for negotiating and documenting Sheppard's percentage of the recovery from the United States and argues that the Court should reduce his hours by this amount (doc. 173, p. 17, citing doc. 173-2). At Sheppard's requested rate of $500.00 per hour, the fee would be $40,594.00.

scope of § 3730(d)(1) & (2)). United States ex rel. Chiba v. Guntersville Breathables, Inc., 421 F. Supp. 3d 1241, 1263 (N.D. Ala. 2019) ("However, the Relators cannot obtain recompense for the time Plant and Battle spent negotiating and processing the Relators' share of the proceeds.") (citations omitted).

Pursuant to 31 U.S.C. § 3730(h), which provides relief from retaliatory actions, Sheppard may be compensated for "litigation costs and reasonable attorneys' fees." Sheppard argues that he is entitled to attorney's fees and non-taxable expenses for successfully prosecuting his claim of retaliation against the Defendants (doc. 165, p. 14). Sheppard obtained a jury verdict in his favor.  Therefore, he is entitled to litigation costs and a reasonable attorney's fees for prosecuting his retaliation claim.

Sheppard also argues that he is entitled to a reasonable attorney's fee for preparing, supporting, and defending his motion for attorney fees (doc. 165, p. 31). The Court agrees. See Norelus v. Denny's, Inc., 628 F.3d 1270, 1301 (11th Cir. 2010) (noting "fees-on-fees" should be awarded as reasonable costs of establishing the right to, and the amount of, attorney's fees when doing so is warranted under the text of the rule or statute at issue because to deny such awards would "undermine the congressional policies behind awarding attorney's fees"); Singbush, 2022 WL 21830631, at *5 (allowing "fees on fees" and citing Norelus, 628 F. 3d at 1301).

B. Lodestar analysis

Federal courts have applied the standard "lodestar" method to determine a reasonable attorney's fee in qui tam actions under the FCA. Zediker v. OrthoGeorgia, 857 Fed. Appx. 600, 608 (11th Cir. 2021). "Under the lodestar method, courts determine attorney's fees based on the product of the reasonable hours spent on the case and a reasonable hourly rate." Id. (quoting In re Home Depot Inc., 931 F.3d 1065, 1076 (11th Cir. 2019) (citing Hensley v. Eckerhart, 461 U.S.

424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). "This product is called the 'lodestar,' and 'there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve.'" Id. (citing Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008) (quotation marks and citation omitted). A "downward adjustment of the lodestar is 'merited ... if the prevailing party was partially successful in its efforts,' a determination the district court makes on a case-by-case basis." Id., (quoting Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1150 (11th Cir. 1993)). Overall, the Court is not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." American Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999).

 "'In determining the reasonableness of the requested hourly rate and the reported hours an attorney spent on a case, a district court should consider twelve factors . . . adopted in part in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).'" Id., at *4 (quoting Norman, 836 F. 2d at 1299). Specifically,

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Johnson, 488 F.2d at 717-19 (internal quotations omitted). Overall, the district court is "an expert on the question of fees, and may consider its own knowledge and experience in making a fee award." Davis v. Nat'l Med. Enters., Inc., 253 F.3d 1314, 1322 n.12 (11th Cir. 2001).

1. Reasonable hourly rate

6

"Generally, a 'reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" Zediker, 857 Fed. Appx. at 609 (11th Cir. 2021) (quoting Norman, 836 F.2d at 1299). The "relevant market" is usually the "place where the case is filed." Barnes, 168 F.3d at 437 (citation and internal quotation marks omitted). "'The party seeking attorney's fees bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates.'" Zediker, 857 Fed. Appx. at 609 (quoting Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). Overall, the court is "'itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781) (citation omitted). But the district courts are warned that "a court should hesitate to give controlling weight to prior awards, even though they may be relevant." Dillard v. City of Greensboro, 213 F.3d 1347, 1355 (11th Cir. 2000).

a. Attorney

Sheppard argues that $500.00 per hour is a reasonable hourly rate for his counsel's representation in this action. In support, he points out that his counsel has 30 years of experience in complex litigation (doc. 165). Sheppard also moves the Court to apply a 1.5 multiplier to account for the delay in payment and application of the Johnson factors[6] and find that $750.00

---

[6] In his declaration, Sheppard's counsel explains that the multiplier should be applied to reflect the true value of counsel's representation and that, in addition to the delay in payment, eleven of the Johnson factors weigh in favor of a multiplier. Sheppard did not proffer an award of a similar hourly rate in a qui tam action to satisfy the factor of "awards in similar cases" (doc. 166, p. 33-41). Instead, Sheppard states that his counsel "was unable to find any reported cases in the U.S. District Court for the Southern District of Alabama in which the Court awarded attorney's fees to FCA counsel." (doc. 165, p. 18).

per hour is a reasonable hourly rate. Sheppard also states that "[i]f Defense counsel disputes the assertion that $500.00 per hour is the prevailing rate in this market, then Defense Counsel should submit their own hourly rates, charged to Defendants in this case, in order to provide context for the Court's decision." (doc. 165, p. 24).

Defendants contend that Sheppard's request for an hourly rate of $500.00, with a multiplier of 1.5 for an hourly rate of $750.00,[7] for his attorney is unreasonable and not consistent with the prevailing market rate for attorneys of similar skill and experience working on complex litigation in Mobile, Alabama (doc. 174, p. 26-31). Defendants suggest that a rate not exceeding $350.00 per hour is reasonable for an attorney with similar skill and years of practice as Sheppard's attorney, with no prior experience in FCA litigation, and would be comparable with past awards by the Court.

Defendants also state that their lead counsel, with approximately 50 years of experience and specialization in qui tam actions, is paid a fee of $400.00 per hour and second counsel is paid a fee of $240.00. From the extensive amount of time spent researching qui tam actions and drafting the qui tam pleadings, Defendants extrapolate that this was Sheppard's attorney's first qui tam litigation.

Sheppard does not dispute that this was his attorney's first qui tam litigation (doc. 178). In support of the requested hourly rate, Sheppard provides a declaration of counsel, not involved in this action but with qui tam litigation experience, to the effect that $500.00 is a reasonable

---

[7] Defendants point out that the qui tam action, the more complex part of the litigation where representation may have merited a multiplier was not litigated by Sheppard, but instead "was investigated, worked up, negotiated, and settled by the Government." (doc. 174, p. 28) Defendants also point out that Sheppard's counsel expended more than 1,200 hours on the retaliation claim but it was "not complex or different from a run-of-the-mill employment case, and it did not require any complex skill or knowledge beyond what an employment lawyer would usually know." (Id.).

hourly rate in this area (doc. 170).[8] Sheppard also provides his counsel's declaration, supported in turn by a declaration made in another case in this court (doc. 171).[9] Sheppard also argues that the Middle District of Alabama and the Northern District of Alabama have awarded hourly rates higher than $500.00 in cases decided five years ago (doc. 165, p. 18).

In his declaration, Sheppard's counsel states that he has 30 years of experience including extensive experience in complex civil litigation, is admitted to practice in multiple courts, has been elected to positions of trust with the Alabama State Bar and Mobile Bar Association, and has been rated AV preeminent by Martindale-Hubble since 2017 (doc. 166). Counsel also details the work he performed during the seven years of this qui tam action and specifically the work performed during the negotiation and settlement of the qui tam portion. (Id.).

Historically, this Court has found that $300.00 to $350.00 per hour was a reasonable hourly rate for an attorney with 30 years of experience in complex civil litigation. [10] McKean v. City of Mobile, 2023 WL 5004062, at *6 (S.D. Ala. Aug. 4, 2023) (collecting cases; Stevens v. Mobile Cnty. Bd. of Sch. Commissioners, 2020 WL 1921557, at *6 (S.D. Ala. Apr. 20, 2020) (awarding $350 per hour as a reasonable hourly rate for an attorney with approximately 30 years

---

[8] Relying upon a declaration by James A. Johnson, Sheppard asserts that Johnson, an attorney with 30 years of experience generally, and specific experience in qui tam litigation, affirmed that $500.00 was a reasonable hourly rate for plaintiff's counsel in a qui tam action.

[9] Relying upon a declaration by Edward Hawkins made in 2020, Sheppard asserts that at that time prevailing hourly rates for complex litigation were $275.00 to $480.00 per hour depending upon the skill and years of experience of the attorney, and that defense counsel in this action had been awarded $400.00 per hour in 2014.

[10] "Although the Court does not give controlling weight to prior awards, those awards are relevant and instructive in determining whether the 'requested rate is in line with prevailing market rates' in this district for attorneys of reasonably comparable skill, experience, and reputation to that of [the attorney] seeking an award of attorney's fees pursuant to a fee-shifting statute." Langford v. Hale Cnty. Ala. Comm'n, 2016 WL 4976859, at *3 (S.D. Ala. Sep. 16, 2016).

of experience and extensive experience in civil rights and employment discrimination litigation); United States v. Approximately $299,873.70 seized from a Bank of Am. Acct., 2020 WL 4808891, at *3 (S.D. Ala. Aug. 18, 2020) (awarding $350.00 per hour for an attorney with 38 years of experience and specialization in criminal trial law).

The Court has considered the relevant Johnson factors, including Sheppard's counsel Harry Satterwhite's specialized skills, abilities, and years of experience as well as the novelty or difficulty of the issues in this action, the customary fee in the Mobile area, and awards in similar actions. The Court has also considered Sheppard's argument as to the risk involved in contingent fee representation, and the preclusion from other work brought about by this lengthy litigation. The Court also acknowledges the general increase in costs of doing business that has occurred over the past seven years. Relying upon the Court's own experience, generally and in this action, the Court finds that a reasonable hourly rate for Sheppard's attorney is $350.00.

b. Paralegals

Sheppard argues that $135.00 per hour is a reasonable hourly rate for paralegals Mechele Marshall and Debra French and that $100.00 is a reasonable hourly rate for paralegal Vangie Waltman. He argues that the requested rates are based upon Marshall and French's skill, experience, and reputation. Sheppard also acknowledges the Court's history of allowing $75.00 per hour as a reasonable paralegal hourly rate and argues that this rate should be adjusted for inflation and that the prevailing market rates for paralegals working on complex litigation in Mobile, Alabama is at least the $135.00 requested (doc. 165, p. 2, 28-29).

Historically, this Court has found that absent special circumstances, the reasonable hourly rate for paralegals in Mobile, Alabama is $75.00 per hour. Troxel v. Gunite Pros, LLC, 2022 WL 17416492, at *4 (S.D. Ala. Dec. 5, 2022) (declining to award $145.00 per hour without a

showing of extraordinary qualifications or expertise and allowing $75.00 per hour as the standard lodestar hourly rate).

Sheppard asserts that Marshall has 35 years of experience as a paralegal in the Mobile legal community and has worked in his firm for the past 18 years.  He points out that Marshall has experience in complex commercial litigation with specialized skill in accounting and bookkeeping and that she is among the top 1% of paralegals in this area.[11] (doc. 166, p. 42-43).

Sheppard asserts that French has 23 years of experience and although she was recently employed, she was highly recommended by her past employer who described her as a skilled litigation paralegal with experience in personal injury actions. He points out that she is proficient in drafting documents, and an expert in handling large volumes of electronically stored information and trial preparation (doc. 166, p. 43-44).[12]

Sheppard did not provide the Court with information regarding Waltman's skill and experience.

The Court has considered the relevant Johnson factors, including Marshall and French's specialized skills, abilities, and years of experience as well as the novelty or difficulty of the issues upon which they worked.[13] The Court has also considered the absence of any information as to Waltman's skill and experience.  The Court also acknowledges the general increase in costs of doing business that has occurred over the past seven years.  Relying upon the Court's own experience, generally and in this action, the Court finds that a reasonable hourly rate for Marshall

---

[11] See Marshall's resume (doc. 166-13).

[12] See French's resume (doc.166-14).

[13] The invoices indicate that Marshall worked on the action from its inception, French worked on pretrial matters and trial, and both worked extensively on the motion for attorney's fees and expenses (docs. 166-1, 179-1).

is $100.00, French is $100.00, and Waltman is $75.00.[14]  See Fitzwater v. Cole, No. CV 18-00137-N, 2020 WL 620670, at *2 (S.D. Ala. Feb. 10, 2020) (finding $90.00 per hour was a reasonable hourly rate for a paralegal);  Townson v. Garland, No. CV 1:22-00251-KD-N, 2024 WL 3363850, at *10 (S.D. Ala. July 10, 2024) (after consideration of "its own knowledge and experience with paralegal fees in the Mobile market," finding that an hourly rate of $100.00 was reasonable for a paralegal with more than a decade of specialized experience) (noting Laird v. Jiya Jeel LLC, No. 1:22-CV-259-KD-N (S.D. Ala. 2023) (Doc. 23 at 15), wherein the Court found $100.00 per hour was reasonable for a paralegal in a Fair Labor Standard Act action).

    2. Number of hours reasonably expended

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins, 548 F.3d at 1350 (citing Loranger, 10 F. 3d at 783). Although an hour-by-hour approach is sometimes preferable, in some circumstances, "where the fee motion and supporting documents are so voluminous, it is sufficient for the court to provide a concise but clear explanation of its reasons for the reduction." Loranger, 10 F.3d at 783 (further explaining that when the courts utilize an across-the-board percentage reduction, the courts must "clearly articulate their reasons for selecting specific percentage reductions").  If the court conducts an hour-by-hour analysis, the court should exclude "hours that were not reasonably expended," such as work that was "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434, 103 S.Ct. 1933. The Court may also discount a time entry "where the description of the work performed is overly vague." McConnell v. Am. Gen. Life Ins., Co., 2020 WL 3452983, at *9 (S.D. Ala. June 24, 2020) (internal quotes omitted). The Court may also

---

[14]  The invoice indicates that Waltman was employed in 2023 (doc. 166-1).

reduce the hours claimed where "block billing" prevents a meaningful review of the hours. "'Block billing' occurs when an attorney lists all the day's tasks on a case in a single entry, without separately identifying the time spent on each task." McConnell, 2020 WL 3452983, *9.

"Regardless of who is doing the billing, courts may only award fees for time spent by attorneys, or for the work of non-lawyer paralegals but only to the extent they perform work traditionally done by an attorney." McKean, 2023 WL 5004062, at *5 (citing Nail v. Shipp, 2020 WL 1670459 (S.D. Ala. Apr. 3, 2020) (citing Missouri v. Jenkins, 491 U.S. 274, 288 at note 10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them [ ]")).

"Such non-recoverable tasks include time billed for: setup of a file, calendaring deadlines, receiving, reviewing, and indexing documents, sending or receiving emails with documents attached, preparing civil cover sheets and summons, receiving and indexing certified mail receipts, e-filing documents with the Court, receiving and indexing those documents, mailing and telefaxing correspondence, making calls to clients, obtaining pleadings from the court's database, printing documents, miscellaneous scanning of documents, etc." McKean, 2023 WL 5004062, at *5 (quoting Ford v. Navika Capital Grp., LLC, 2017 WL 1381668, *3-4 (S.D. Ala. Apr. 17, 2017) (internal citations omitted)).

"Work that may appropriately be performed by paralegals and billed to a client or a losing party includes 'factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial date; checking legal citations; and drafting correspondence.'" Allen v. McClain EZ Pack of Ala., Inc., 2005 WL 1926636, at *3 (S.D. Ala. Aug. 8, 2005) (quoting Missouri, 491 U.S. at 288 n.10, 109 S.Ct. 2463).

Sheppard claims a total of 2,117.80 hours (docs. 166-1; 179-1) expended by his attorney and a total of 388.10 hours (docs. 166-1; 179-1) of work performed by the paralegals from March 2017 to January 2025.

Defendants argue that the hours for which it must pay Sheppard's attorney's fees should be reduced. Generally, Defendants argue that because the hours are excessive with unreasonable hours spent on revising documents that a more skilled attorney or paralegal would not have needed to revise, and frequently double-billed between the attorney and the paralegals. Specifically, Defendants argue that the following entries are not recoverable: 1) hours negotiating Sheppard's percent of the United States' recovery (doc. 174, p. 16) (deducting 82.2 hours), 2) hours for basic research – to get up to speed or learn about the basic principles of qui tam litigation – (Id., p. 17) (deducting 84.1 hours), 3) the excessive amount of hours to correct and refile Sheppard's deficient response to Defendants' motion for summary judgment (Id., p. 18) (deducting 93.1 hours), 4) hours incurred for Sheppard's claim for unemployment benefits (Id., p. 19) (deducting 10 hours); 5) hours incurred preparing generic discovery requests and reviewing Defendants' objections (Id., p. 20) (deducting 52.3 hour), 6) hours incurred for clerical work (doc. 174, p. 21) (deducting 65.6 hours), 7) hours incurred negotiating Sheppard's settlement with Defendants because his settlement demands were unrealistic (Id., p. 22) (deducting 92.2 hours), and 8) the excessive hours spent drafting and amending the complaint and other pleadings (Id., p. 22) (deducting 71.6 hours before the qui tam action was settled, 19.6 hours amending the complaint after the qui tam action was settled, and 24 hours on non-complex initial disclosures).

Defendants also argue that the hours spent on the motion for attorney's fees are excessive and should be reduced.  Defendants estimate that Sheppard and his paralegals spent

14

approximately 435 hours working on the time sheets and the motion (Id., p. 24-25). They argue

that this amount is excessive because it includes time for clerical and administrative tasks, and

correcting and revising the time sheets, but if contemporaneous time records had been kept, the

time entries would not have needed revisions (Id.).  Defendants also argue that the hours are

unreasonable because many of the hours result from settlement negotiations between Sheppard

and Defendants wherein Sheppard made unreasonable settlement demands.

      Sheppard argues that all the hours expended were reasonable. He asserts that the

corrections and revisions were made to eliminate time entries that are disfavored by the Court

such as block-billing. He also argues that Defendants have criticized and second guessed his

attorney's time keeping methods and personally attacked his attorney, and that Defendants

substantially misrepresented the actual hours expended for certain tasks (docs. 165, 166, 178).

      As previously stated, when the Court "finds the number of hours claimed is unreasonably

high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the

requested hours with an across-the-board cut." Bivins, 548 F.3d at 1350. Here, the Court finds an

across-the-board reduction is reasonable. The Court has reviewed the invoices (docs. 166-1, 179-

1) and finds that the time entries are excessive and duplicative for the preparation and drafting of

the complaint and amended complaint, for responding to the motion for summary judgment,

preparation (including research), and especially excessive for drafting the motion for attorney's

fees, and supporting documents (including the declarations), and revising the invoice to correct

entries which counsel thought would not comply with the Court's prior orders (block billing,

redundancy, excessive, duplicative, etc.).  The Court also finds that hours spent researching qui

tam actions and educating Sheppard's counsel on an area of law with which he was not familiar

is excessive, that an award of attorney's fees for hours spent negotiating Sheppard's percentage

of the settlement amount with the United States is not recoverable, and that there are time entries which reflect non-recoverable clerical work.

Accordingly, Sheppard's request for 2,117.80 hour of work expended by his attorney is reduced by approximately 50% to 1,058 hours. His request for 252.00 hours of work expended by paralegal Marshall is reduced by approximately 35% to 164 hours. His request for 120.00 hours for work expended by paralegal French is reduced by approximately 35% to 78 hours. His request for 16.10 hours for work expended by paralegal Waltman is reduced by approximately 35% to 10.5 hours.

3. Calculating the lodestar

Multiplying 1,058 hours of time expended by Sheppard's attorney by his approved hourly rate of $350.00 yields $370,300.00. Applying a rate of $100.00 per hour for paralegals Marshall and French, to their combined 242 hours of time expended, yields a lodestar of $24,200.00. Applying a rate of $75.00 per hour for paralegal Waltman to her 10.5 hours of time expended, yields a lodestar of $787.50, for a total of $24,987.00 for the work performed by the paralegals.

The total amount is $395,287.50.

4. Reductions for limited success

Defendants argue that after conducting the lodestar analysis, the Court should further reduce the fees because of Sheppard's overall lack of success (doc. 174, p. 10-16). Specifically, that the United States' settlement with Defendants was based on a theory of recovery that was wholly unrelated to the theory presented by Sheppard in his qui tam complaint, that only one of Sheppard's six claims survived (retaliation), that Sheppard obtained a low (18%) percentage of the qui tam recovery (the statutory range is 15% to 25%) which reflects his limited contribution

to the recovery, and that Sheppard recovered only $30,000 for his retaliation claim which was far

below and a small percentage of the amount he initially demanded to settle the claim.

The Court declines to make any further reduction.

5. <u>Nontaxable expenses</u>

Sheppard was awarded costs for the filing fee ($400.00), for summons and subpoenas

($339.00), and for printed or electronically recorded transcripts necessarily obtained for use in

the case ($3,755.02) for a total of $4,494.02 (doc. 156, Bill of Cost; doc. 158, costs taxed).

Review of the itemization and documents in support of the Bill of Costs shows that Sheppard

sought costs taxable pursuant to 28 U.S.C. § 1920. Defendants did not move the Court to re-tax

these costs.

Sheppard now seeks non-taxable litigation expenses in the amount of $2,802.85 (doc.

165, p. 31-32; doc. 166-15, itemization and supporting documents).  He argues that these

expenses were necessarily and reasonably incurred in the litigation and that "as a successful FCA

Relator" he is "entitled to receive payment for non-taxable litigation expenses." (doc. 165, p. 31-

32) (citing 31 U.S.C. §§ 3730(d)(1); 3730(h)(1); 3730(h)(2)).

Defendants respond that "[T]hough insignificant in amount, [Sheppard] seeks to charge

Pathway for administrative and overhead costs that are not properly attributed to Pathway,

including $53 to buy drinks and snacks for counsel's office … and parking costs" as evidence of

Sheppard's (doc 174, p. 21).  Otherwise, Defendants did not respond.

Pursuant to 31 U.S.C. § 3730(d)(1), Sheppard, as the qui tam plaintiff, "shall also receive

an amount for reasonable expenses which the court finds to have been necessarily incurred, plus

reasonable attorneys' fees and costs. All such expenses, fees, and costs shall be awarded against

the defendant."  Pursuant to 31 U.S.C. § 3730(h)(2), relevant to Sheppard's claim of retaliation,

he is entitled to be made "whole" and obtain relief in the form of compensation for "litigation costs". The Court has reviewed the expenses and finds that they are related to the litigation and appear to have been reasonably expended. The majority were incurred for obtaining medical records and obtaining deposition items that could not be taxed as costs such as travel transcripts, deposition USBs, and video depositions. Accordingly, expenses are awarded in the amount of $2,802.85.

        III. Conclusion

        For the reasons set forth herein, Sheppard is awarded attorney's fees in the amount of $395,287.50 and expenses in the amount of $2,802.85.

        DONE and ORDERED this the 21st day of March 2025.


                                        s/Kristi K. DuBose
                                        KRISTI K. DuBOSE
                                        UNITED STATES DISTRICT JUDGE